## Curtis M. Doolittle, plaintiff in error, *vs.* Anson Harrington and others, defendants in error.

### *Error to Jackson.*

The writ of Right does not lie to recover the possession of a "claim" on the public lands.

This was an action of Right, in the District Court of Jackson county. At the October term, 1841, Curtis M. Doolittle declared against Anson Harrington, David Harrington, John E. Goodenow, Thomas Wright, Jur., and Cornelius Dunham, claiming a tract of land with the appertenances, being in the county aforesaid, and described as follows: the west half of the south-east quarter of section 13, township 84, north of range 2, east of the 5th P. M., to which the said Curtis had right to the immediate possession, and to the ownership thereof as a *claim*, and also to demages for its detention, &c.

To this declaration the defendants demurred, that it no where sets forth title, by which said plaintiff claims the immediate possession of the said property and to the ownership thereof, and also that said declaration was in other respects informal and insufficient.

B. Rush Petriken, for plaintiff.

Henry Hopkins and T. Davis, for defendants.

PER CURIAM, WILSON, JUSTICE.—The question presented in this case for the consideration of the court is, whether the action of Right as given by our statute, can be brought to recover the possession of a " claim. "

The second section of the act to allow and regulate the action of Right, enacts, " that no person shall recover in this action, unless at the time of commencing it, he shall have had a *valid subsisting interest*, in the property claimed *and* the right to recover the immediate possession thereof. " The word *claim* has a legal signification given to it by the statute, approved January 25th 1839, entitled " an act to prevent trespasses and other injuries being done to the possession of settlers on the public domain, and to define the extent of the rights of possession on the said lands. " In this (and it is the only act upon the subject) the word " claim " is frequently used and it refers to a portion of the public lands settled upon by an individual, to which he has no other right or title than that which arises from his settlement upon said lands.

This statute recognizes these " claims " and gives to the claimants the right to bring certain actions of tresspass *quare clausum fregit*, trespass and ejectment, forcible entry and detainer, and forcible detainer. It also sets forth the amount of acres which may be embraced in a " claim" and directs what shall be done thereto by the claimaint, in order to constitute a claim within the meaning of the statute. As the statute therefore gives the definition of a " claim " we think the court below did not err in placing upon the word claim in the declaration the meaning given to it by the statute.

Is this " claim " such an interest in real estate, as is referred to by the statute allowing and regulating the action of Right? Is it a valid and subsisting interest? We think not. This claim may under our statute entitle the plaintiff to recover the " immediate possession " of the land, but not by bringing the action of Right. The claim of the settler cannot be considered as good against any, except those who do not show a better right. It is merely a temporary right to the possession which may be defeated, either by the act of the government in dispossessing the settler, or by the purchase of the land by any person. It is not therefore in contemplation of law a valid subsisting interest. Aside from any thing contained in the statute allowing the action of Right, the fact that the act to prevent trespasses and other injuries being done to settlers, &c., enumerates what actions may be brought to protect these " claims," and does not mention the action of Right, would

justify the conclusion, that the latter action could not be maintained, for "*inclusio unius est exclusio ulterius.*"

But the 20th section of the act to allow and regulate the action of Right, enacts " that the action of Right being intended to supercede the action of ejectment, the writ of Right, and the writ of dower, whatever might be given in evidence under the general issue in either of those actions, may also be done in this." This section strengthens the position, that the valid and subsisting interest, necessary to support the action of Right, must be something more than a " claim." The defendant in the action of Right, may give in evidence whatever would be proper in case the action was ejectment. What could he prove in the action of ejectment? "As the party in the possession of the property is presumed to be the owner of the same until the contrary is proven; it is necessary for a claimant in ejectment to shew in himself a good and sufficient title to the lands, to enable him to recover them from the defendant. He will not be assisted by the weakness of the defendant's claim. The possession of the latter gives him a right against every man who cannot establish a good title ; and if he can answer a *prima facia* case on the part of the lessor of the plaintiff, by shewing the real title to the land to be in another, it will be sufficient for his defence, without also proving that he holds the lands with the consent, or under the authority of the real owner. And the case will not be varied, altho' the lessor can prove that he has previously been, himself in the possession of the premises." *Adams on Ejectment,* page 29,

We cite this, not only to show that the interest to be proven to be in the plaintiff, must be such as would be sufficient to maintain the action of ejectment, and that a claim is not a sufficient interest to maintain ejectment, but also to show that the defendant in the action of Right, upon the trial, by establishing the fact of ownership by the general government, of the land in controversy, would be entitled to a verdict. The judgment below is affirmed.

Mason, Chief Justice.—I have no doubt of the power of the legislature to authorize the bringing of the action of Right, or ejectment to recover possession of a " claim," but the act relied upon by the plaintiff in this case, has not that effect. The object of that act seems to be, to place the settler on a " claim," in the same predicament as though the whole were enclosed. The reference there made to the action of ejectment, does not seem to me to justify the conclusion that the legislature intended to change the established law on the subject, in relation to the

actual right of possession of the plaintiff, but the word seems to have been inserted under the mistaken impression that the law previously in force, would authorize an action of ejectment to recover the possession of an actual inclosure on the public lands, by the rightful claimant.